SUMMARY ORDER

Petitioner Jingxu Dong, a native and citizen of the People’s Republic of China, seeks review of an April 13, 2009 order of the BIA affirming the April 12, 2007 decision of Immigration Judge (“IJ”) Steven R. Abrams denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Jingxu Dong, No. A098 218 041 (B.I.A. Apr. 13, 2009), aff'g No. A098 218 041 (Immig. Ct. N.Y. City Apr. 12, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA affirms the IJ’s decision in all respects but one, this Court reviews the IJ’s decision as modified by the BIA decision. Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). Here, because the BIA affirmed the IJ’s determination that Dong failed to meet his burden of proof for asylum, it did not reach his arguments regarding the IJ’s adverse credibility determination. We assume Dong’s credibility for purposes of our analysis. See Yan Chen v. Gonzales, 417 F.3d 268, 271-72 (2d Cir.2005).
This Court reviews the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Jian Hui Shao v. Mukasey, 546 F.3d 138, 157-58 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
I. Asylum and Withholding of Removal
Substantial evidence supports the agency’s finding that Dong failed to meet his burden of proof for asylum. Dong argues that the financial hardship he endured as a minor because of his father’s death in a workplace dispute constitutes persecution. However, it is well settled that an applicant cannot establish past persecution by virtue of harm to a parent. Tao Jiang v. Gonzales, 500 F.3d 137, 141 (2d Cir.2007). Further, Dong’s case is factually distinct from Jorge-Tzoc v. Gonzales, 435 F.3d 146 (2d Cir.2006), on which Dong attempts to rely. Dong’s allegations of unfulfilled threats of arrest and detention also do not rise to the level of persecution. See Gui Ci Pan v. U.S. Att’y Gen., 449 F.3d 408, 412 (2d Cir.2006). Finally, the damage to Dong’s home had no nexus with a protected ground. See 8 U.S.C. *556 § 1101(a)(42); see also Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 (2d Cir.2005).
Because Dong based his claim for withholding of removal on the same factual predicate as his asylum claim, the withholding of removal claim fails as well. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
II. CAT Relief
Dong bases his claim for CAT relief on the threats of detention he received from government officials and on U.S. State Department reports indicating that Chinese police sometimes torture detainees and prisoners. However, “generalized language culled from ... State Department reports” is insufficient to establish that a specific Chinese citizen “is more likely than not” to be tortured if repatriated. Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 159-60 (2d Cir.2005). Rather, an applicant must produce “particularized evidence” suggesting that he is likely to be tortured. See id. at 158. Here, Dong failed to present any specific evidence that he would likely be tortured if returned to China.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).